UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 22-20641
                              Honorable Victoria A. Roberts

ANDREW JOSEPH CASCHERA,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF THE COMPLAINING WITNESS'S FORENSIC INTERVIEW VIDEO PURSUANT TO A PROTECTIVE ORDER [ECF No. 28]**

**I.  INTRODUCTION**

Andrew Joseph Caschera – a registered sex offender with two prior convictions for third degree sexual conduct – is charged with two counts of attempted coercion and enticement (of a minor), in violation of 18 U.S.C. § 2422(b); two counts for enhanced penalties for registered sex offenders, in violation of 18 U.S.C. § 2260A; and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He is in custody pending trial.

Caschera moves for production of a forensic interview of a minor – the complaining witness – pursuant to a protective order.  [ECF No. 28].

The Court **DENIES** the motion.

## II.     DISCUSSION

In June 2021, Caschera met MV-1 online. She claimed to be older than 18. They met and had sexual intercourse after he picked her up in her neighborhood. When Caschera dropped her off at her residence, a neighbor allegedly confronted him about her age, telling Caschera she was 13.  Caschera raised this issue with MV-1 online, questioning if she was actually 19.  She eventually admitted that she was thirteen years old.

After learning MV-1 was thirteen, Caschera continued to try to meet up with her, and did meet with her at least one more time.  MV-1's parents discovered her activities and reported them to the police. MV-1 participated in a forensic interview.

Later, Caschera and MV-1 again communicated online, which her parents discovered.  Law enforcement executed a search warrant on Caschera's residence.  They found large amounts of ammunition and discovered that Caschera had been putting guns together from parts he received through the mail. Agents also found Caschera's phone, which contained messages between him and MV-1.  A grand jury indicted Caschera for various offenses.

Caschera now seeks to obtain a copy of MV-1's forensic interview. He says he needs the ability to evaluate the evidence in a private and

secure setting with his attorney so that his attorney can effectively advise him regarding whether to plead guilty or not at an upcoming plea hearing.

The government opposes the motion. However, it offered to allow Caschera and his attorney to view the forensic interview at the United States Attorney's Office ("USAO") or the courthouse. The government also offers to make the video available to Caschera and his counsel to review more than once, if needed.

Caschera says this is insufficient to meaningfully fulfill his right to the effective assistance of counsel for two reasons. First, Caschera says requiring him and his counsel to view the interview at the USAO would undermines the attorney-client privilege because "there is no guarantee that [he] and [his] counsel would be left unattended and unsupervised while watching the video." He says he and his attorney will not be able to view the video and freely speak about the matter if law enforcement is present or within earshot. Second, Caschera says requiring him and his attorney to view the interview only at the USAO forces them to have a finite amount of time to discuss the matter.

Caschera is not entitled to a copy of the forensic interview video.

"The *Jencks* Act requires the government to produce any prior statements of a witness that relate to the subject matter of the witness's

3

testimony and are in the government's possession *after* the direct examination of the witness." *United States v. Ledesma*, No. 19-20216, 2020 WL 7075289, at *1 (E.D. Mich. Dec. 3, 2020) (citing 18 U.S.C. § 3500(a)-(b); Fed. R. Crim. P. 26.2(a) ("After a witness ... has testified on direct examination, the court, on motion of a [defendant], must order ... the government ... to produce ... any statement of the witness that is in [its] possession and that relates to the subject matter of the witness's testimony.")).

The Sixth Circuit prohibits the Court from overriding the timing provisions in the *Jencks* Act: "The clear and consistent rule of this circuit is that ... the government may not be compelled to disclose Jencks Act material before trial*."* *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988); *see also United States v. Boykins*, 915 F.2d 1573, 1990 WL 143559, at *5 (6th Cir. Oct. 2, 1990) ("The Sixth Circuit has expressly held that the government has no obligation to disclose and the trial court has no discretion to require disclosure of *Jencks* Act material before a witness testifies.").

The government has satisfied its discovery obligations and exceeded its obligations under the *Jencks* Act. The options the government offers Caschera to view the video are reasonable, are sufficient to protect

Caschera's right to the effective assistance of counsel; and do not undermine the attorney-client privilege. The Court requires the government to give Caschera and his attorney sufficient time to meaningfully review the video and allow them to view the video in a private setting to protect the attorney-client privilege.

### III. CONCLUSION

The Court **DENIES** Defendant's motion for disclosure of the complaining witness's forensic interview video [ECF No. 28].

The Court **ORDERS** the parties to immediately facilitate the process for Caschera and his attorney to review the forensic interview video so that Caschera is sufficiently prepared for his July 25 plea hearing.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 7/13/2023

5